UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PEDRO VAZQUEZ,

              Plaintiff,         CASE NO.: 17-cv-61014

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

              Defendant.
_____/

## ANSWER AND DEFENSES TO COMPLAINT

Defendant Aramark Uniform & Career Apparel, LLC ("Aramark" or "Defendant") by and through its counsel, hereby files this Answer and Defenses responding, by corresponding numbers, to each of the numbered paragraphs of the Complaint filed by Plaintiff Pedro Vazquez ("Vazquez" or "Plaintiff").

## INTRODUCTION

1. Defendant admits that Plaintiff seeks relief under The Age Discrimination in Employment Act and the Florida Civil Rights Act but denies that Plaintiff is entitled to any of the relief requested.

## JURISDICTION AND VENUE

2. Defendant states that it employed Plaintiff at the Miami Market Center located in Pompano Beach, Florida. The remaining allegations constitute conclusions of law, to which no response is required.

3. Defendant admits that Plaintiff seeks relief under the Age Discrimination in Employment Act. The remaining allegations constitute conclusions of law, to which no response is required.

## CONDITIONS PRECEDENT

4. The allegations constitute conclusions of law, to which no response is required.

5. The allegations constitute conclusions of law, to which no response is required.

## PARTIES

6. Defendant admits that it employed Plaintiff as a route sales representative ("RSR") at the Miami Market Center in Pompano Beach, Florida from May 1985 through March 6, 2015.

7. The allegations constitute conclusions of law, to which no response is required.

## GENERAL ALLEGATIONS

8. Defendant admits that Plaintiff is over the age of 40.

9. Defendant admits that it employed Plaintiff from May 1985 through March 6, 2015.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

## COUNT I

17. Defendant admits that Plaintiff seeks relief under the Age Discrimination in Employment Act but denies that Plaintiff is entitled to any of the relief requested.

18. Defendant restates its responses to paragraphs 1 through 16 of the Complaint as if fully set forth here.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs A through F.

## COUNT II

22. Defendant restates its responses to paragraphs 1 through 16 of the Complaint as if fully set forth here.

23. Defendant admits that Plaintiff seeks relief under the Florida Civil Rights Act but denies that Plaintiff is entitled to any of the relief requested.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs G through L.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has requested a jury trial but states that it is entitled to judgment as a matter of law and, thus, denies that Plaintiff is entitled to a jury trial on the claims alleged in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a cause of action for which relief can be granted.

2. Plaintiff's claims are barred to the extent he failed to exhaust administrative remedies.

3. Plaintiff's claims are limited by the applicable statute of limitations.

4. Defendant at all times acted in good faith and without malice.

5. All actions taken by Defendant with respect to Plaintiff were performed or carried out in good faith, based on legitimate and reasonable business factors without any discriminatory or retaliatory motives toward Plaintiff.

6. Defendant has in place a strong, well-distributed policy against discrimination and has otherwise exercised reasonable care to prevent and/or correct promptly any such behavior and Plaintiff unreasonably failed to take advantage of opportunities provided by Defendant, or to avoid harm otherwise.

7. If any improper, illegal, or discriminatory action was taken by an employee of Defendant against Plaintiff, which is denied, it was outside the course and scope of that employee's employment, contrary to company policy, and was not ratified,

confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

8. No act of Defendant either proximately caused or contributed to any injuries or damages alleged by Plaintiff.

9. Plaintiff's damages, if any, are limited by the applicable laws under which his claims are brought.

10. Plaintiff's damages, if any, are the result of his own actions; he is responsible, in whole or in part, for any alleged damages in this case.

11. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff failed to mitigate or minimize his alleged damages.

12. Neither Defendant, nor any employees sufficiently high in their respective corporate hierarchies, committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

13. Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

14. Defendant reserves the right to bring a mixed motive defense.

15. Defendant reserves the right to add additional defenses and affirmative defenses as this case proceeds.

Dated this 27th day of June, 2017.    Respectfully submitted,

        s/ Carlotta J. Roos
        Carlotta J. Roos
        Florida Bar No. 0154342
        carlotta.roos@morganlewis.com
        MORGAN, LEWIS & BOCKIUS LLP
        200 South Biscayne Boulevard
        Suite 5300
        Miami, FL 33131-2339
        Telephone:  305.415.3391
        Facsimile:  877.432.9652

        Attorneys for Defendant

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on June 27, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ *Carlotta J. Roos*
        Carlotta J. Roos

## SERVICE LIST

Ricardo Corona/ FBN 111333
Allyson Morgado/FBN 91506
CORONA LAW FIRM, P.A.
3899 NW 7th Street, 2nd Floor
Miami, FL 33126
Telephone: (305) 266-1150
Facsimile: (305)266-1151
Email: amorgado@coronapa.com
Email: crm@coronapa.com

*Attorney for Plaintiff*